IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yellow 2000 of Philadelphia, : 
                Appellant : 
                            :   No.  2342 C.D. 2015 
          v. : 
                            :   Submitted:  June 3, 2016 
The Philadelphia Parking Authority : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  July 19, 2016

Yellow 2000 of Philadelphia (Appellant) appeals from the October 16, 2015 order of the Court of Common Pleas of Philadelphia County (trial court) affirming a Philadelphia Parking Authority (PPA) Hearing Officer's determination, which sustained the issuance of a citation to Appellant for violating section 1011.9 of Title 52 of the Pennsylvania Code (Code).[1]

**Facts and Procedural History**

On December 10, 2013, PPA's Taxicab and Limousine Division (TLD) issued a citation to Appellant for allegedly using a taxicab driver with a suspended Pennsylvania driver's license in violation of section 1011.9 of the Code.  Appellant

---

[1] 52 Pa. Code §1011.9 (taxicab service limitations).

appealed the issuance of citation and requested an administrative hearing. On October 23, 2014, a hearing was held before a PPA Hearing Officer.

John Broggi testified that he was assigned to investigate an administrative complaint that was filed with TLD's enforcement division regarding a taxicab driver (Douglas Brewton) operating a taxicab with a suspended driver's license. Broggi stated that he ran Brewton's driver's license through the Pennsylvania Department of Transportation's online system and determined that Brewton had a suspended license effective June 26, 2012, to May 24, 2013. Broggi noted that he reviewed Brewton's trip logs and discovered that he had performed twenty-six trips with a suspended driver's license while operating Appellant's vehicle. According to Broggi, taxicab drivers are not permitted to operate a taxicab without a valid driver's license and TLD's regulations require that certificate holders[2] supervise their drivers to certify that only authorized drivers provide taxicab service. (Reproduced Record (R.R.) at 56a-62a.)

Broggi stated that TLD's Administrative Department filed the administrative complaint and explained that Brewton was attempting to renew his taxicab certificate[3] when it was discovered that his driver's license had been suspended. Broggi testified that Brewton's taxicab certificate was not valid during the period when he provided taxicab service with a suspended driver's license because a suspended driver's license renders a taxicab certificate invalid; however, he clarified that there was no indication in PPA's system that Brewton's taxicab

---

[2] The Code defines a certificate holder as the person to whom PPA issues a certificate of public convenience. 52 Pa. Code §1001.10(a).

[3] The Code defines a taxicab certificate as "[a] certificate issued by the Authority authorizing the holder to provide taxicab service under the act, this part or an order of the Authority." 52 Pa. Code §1001.10(a).

2

certificate was invalid during that period. Broggi also noted that the citation was issued approximately five months after the alleged violations occurred. (R.R. at 62a-68a, 74a.)

By order dated November 6, 2014, the PPA Hearing Officer sustained the issuance of citation to Appellant for using a driver with a suspended or revoked driver's license. Appellant appealed the Hearing Officer's determination to the trial court and, on October 16, 2015, the trial court affirmed the PPA's decision. Appellant then filed a timely appeal to this Court.

On appeal, Appellant reiterates the arguments raised before the trial court. Specifically, Appellant argues that the trial court erred when it determined that certificate holders are responsible for verifying the validity of a taxicab driver's Pennsylvania driver's license. Appellant also argues that PPA's retroactive issuance of the citation violated its due process rights. Finally, Appellant asserts that the trial court erred because there is no record evidence indicating that Appellant failed to verify that Brewton's driver's license was valid when it leased its vehicles to him.

## Discussion

Here, the issues raised are identical to those raised and resolved by this Court in *Lindros Taxi v. Philadelphia Parking Authority*, __ A.3d __ (Pa. Cmwlth., No. 1173 C.D. 2015, filed July 1, 2016). In *Lindros Taxi*, we reasoned that the Code does not require a certificate holder to verify that a taxicab driver possesses a valid driver's license and, consequently, a certificate holder's duty to supervise pursuant to section 1011.9(b) of the Code is satisfied if it verifies that an individual possesses a current and validly issued taxicab certificate. We adopt the reasoning set forth in *Lindros Taxi* and likewise reject the arguments raised by PPA in the present matter.

3

## Conclusion

Accordingly, because the Code does not require a certificate holder to verify that a taxicab driver possesses a valid driver's license, the trial court's order is reversed.

_____
PATRICIA A. McCULLOUGH, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yellow 2000 of Philadelphia,    :
          Appellant    :
                         :   No.  2342 C.D. 2015
          v.         :
                         :
The Philadelphia Parking Authority   :

## *ORDER*

AND NOW, this 19th day of July, 2016, the October 16, 2015 order of the Court of Common Pleas of Philadelphia County is reversed.

_____
PATRICIA A. McCULLOUGH, Judge